UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-523-UA (PJWx) | Date | August 5, 2014 |
|---|---|---|---|
| Title | *In re Petitioner Eric Drake's Verified Petition to Perpetuate Testimony* | | |

| Present: The Honorable | PATRICK J. WALSH | | |
|---|---|---|---|
| Jacob P. Yerke | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **Order Re:** Petition to Perpetuate Testimony (Doc. No. 1.)

Before the Court is Petitioner Eric Drake's verified petition to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27. (Doc. No. 1.) Drake purchased a new Lexus in 2003, but he believes that it is not safe to drive because the front dashboard has cracked. (Petition at ¶¶ 3-4.) He believes that there is a nationwide problem with the Lexus model he purchased, and that Lexus is aware of the problem but failed to inform consumers. (Petition at ¶ 6.) He seeks to perpetuate the testimony of three individuals, including the vice president of Toyota Motor Sales, and expects them to testify that Lexus Corporation and/or Toyota Motor Sales were aware of the problem with the front dashes in the Lexus model he purchased. (Petition at ¶ 15.) He fears that if he cannot perpetuate the testimony of these individuals, they may "decide to relocate to another state or even overseas." (Petition at ¶ 9.)

Under Rule 27, a petitioner may perpetuate testimony in advance of possible future litigation in federal court if they can show the following: 1) that the petitioner expects to be a party to a cognizable action but cannot presently bring the action or cause it to be brought; 2) the subject matter of the expected action and the petitioner's interest; 3) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; 4) the names or descriptions of the persons whom the petitioner expects to be adverse parties and their addresses; and 5) the name, address, and expected substances of the testimony of each deponent. Fed. R. Civ. P. 27(a).

Although Drake has complied with some of the above requirements (explaining that he may be filing a federal action and describing its subject matter, and describing the testimony he intends to elicit), he has not provided any reason why he cannot presently bring that action in federal court, which is required. *See* Fed. R. Civ. P. 27(a)(1)(A); *U.S. v. Arant*, No. 7-509 RSL, 2007 WL 2790767, at *1 (W.D. Wa. Sept. 24, 2007) (denying Rule 27 petition where petitioner had not shown why he was unable to bring a cause of action relating to his allegations). To the contrary, in his verified petition, Drake states, "If the court denies the Rule 27, Petitioner will file suit without delay." (Petition at ¶ 8.) Thus, it does not appear that Drake can establish good cause for taking the deposition pursuant to a petition to perpetuate testimony.

Moreover, it is well-established that Rule 27 cannot be used as a substitute for discovery to determine whether or not a cause of action exists. *In re Certain Investor in EFT Holdings, Inc. to*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Perpetuate Testimony of Mr. Jack Qin Under FRCP Rule 27*, No. 13-218 US(SS), 2013 WL 3811807, at *4 (C.D. Cal. July 22, 2013) (noting that Rule 27 should be used only to perpetuate important known testimony that might otherwise be lost).  Here, Drake specifically states that he "seeks to discover the facts necessary to make an informed decision about whether a lawsuit would be meritorious."  (Petition at ¶ 12.)  This is not a proper use for a Rule 27 deposition.  *See In re Certain Investor in EFT Holdings, Inc.*, 2013 WL 3811807, at *4 (denying Rule 27 petition where "the real purpose of the original Petition appears to be nothing more than pure discovery on the merits of Petitioner's anticipated action"); *Vaillancourt v. State of Arizona*, No. MC-7-50-PHX-JAT, 2007 WL 1750461, at *1 (D. Az. June 15, 2007) (Rule 27 petition cannot be used "as a means for ascertaining facts for drafting a complaint).  For these reasons, the petition is denied and the action is dismissed with prejudice.

|  |  | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | sr |  |

S:\PJW\Cases-X\Drake Petition\MO_motion to perpetuate.wpd